UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SONY BMG MUSIC ENTERTAINMENT<br>550 Madison Avenue<br>New York, NY 10022-3211;<br><br>Arista Records LLC<br>888 Seventh Avenue, 40th Floor<br>New York, NY 10019;<br><br>Atlantic Recording Corporation<br>1290 Avenue of the Americas<br>New York, NY 10014;<br><br>UMG Recordings, Inc.<br>2220 Colorado Avenue<br>Santa Monica, CA 90404;<br><br>                               Plaintiffs,<br><br>         v.<br><br>AUTUMN POTEAT, AKA AUTUMN<br>LUCIEN,<br><br>                               Defendant. | Civil Action No.: 1:07-cv-00432-EGS |

# FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiffs, by their attorneys, for their complaint against Defendant, allege:

## JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 *et seq.*).

2. This Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

3.  This Court has personal jurisdiction over the Defendant, and venue in this District is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a), in that the Defendant resides in this District, and the acts of infringement complained of herein occurred in this District.

## PARTIES

4.  Plaintiff SONY BMG MUSIC ENTERTAINMENT is a Delaware general partnership, with its principal place of business in the State of New York.

5.  Plaintiff Arista Records LLC is a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

6.  Plaintiff Atlantic Recording Corporation is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

7.  Plaintiff UMG Recordings, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of California.

8.  Plaintiffs are informed and believe that Defendant is an individual residing in this District.

## COUNT I

### INFRINGEMENT OF COPYRIGHTS

9.  Plaintiffs incorporate herein by this reference each and every allegation contained in each paragraph above.

10. Plaintiffs are, and at all relevant times have been, the copyright owners or licensees of exclusive rights under United States copyright with respect to certain copyrighted

sound recordings (the "Copyrighted Recordings").  The Copyrighted Recordings include but are not limited to each of the copyrighted sound recordings identified in Exhibit A attached hereto, each of which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights.  In addition to the sound recordings listed on Exhibit A, Copyrighted Recordings also include certain of the sound recordings listed on Exhibit B attached to the original Complaint, filed on March 6, 2007 and incorporated herein by reference which are owned by or exclusively licensed to one or more of the Plaintiffs or Plaintiffs' affiliate record labels, and which are subject to valid Certificates of Copyright Registration issued by the Register of Copyrights.

11.     Among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce the Copyrighted Recordings and to distribute the Copyrighted Recordings to the public.

12.     Plaintiffs are informed and believe that Defendant, without the permission or consent of Plaintiffs, has used, and continues to use, an online media distribution system to download the Copyrighted Recordings, to distribute the Copyrighted Recordings to the public, and/or to make the Copyrighted Recordings available for distribution to others.  In doing so, Defendant has violated Plaintiffs' exclusive rights of reproduction and distribution.  Defendant's actions constitute infringement of Plaintiffs' copyrights and exclusive rights under copyright.

13.     Plaintiffs are informed and believe that the foregoing acts of infringement have been willful and intentional, in disregard of and with indifference to the rights of Plaintiffs.

14.     As a result of Defendant's infringement of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs are entitled to statutory damages pursuant to 17 U.S.C. § 504(c)

for Defendant's infringement of each of the Copyrighted Recordings.  Plaintiffs further are entitled to their attorneys' fees and costs pursuant to 17 U.S.C. § 505.

15.	The conduct of Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money.  Plaintiffs have no adequate remedy at law.  Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiffs are entitled to injunctive relief prohibiting Defendant from further infringing Plaintiffs' copyrights, and ordering Defendant to destroy all copies of sound recordings made in violation of Plaintiffs' exclusive rights.

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1.	For an injunction providing:

"Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs.  Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control."

      2.      For statutory damages for each infringement of each Copyrighted Recording pursuant to 17 U.S.C. § 504.

      3.      For Plaintiffs' costs in this action.

      4.      For Plaintiffs' reasonable attorneys' fees incurred herein.

      5.      For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated:    July 15, 2007

/s/
Matthew J. Oppenheim (D.C. Bar No. 443698)
Oppenheim Group
7304 River Falls Drive
Potomac, MD  20854
(301) 299-4986
Attorney for Plaintiffs

# EXHIBIT A

## AUTUMN LUCIEN, AKA AUTUMN POTEAT

| Copyright Owner | Artist | Recording Title | Album Title | SR# |
|---|---|---|---|---|
| SONY BMG MUSIC ENTERTAINMENT | Marvin Gaye | Sexual Healing | Midnight Love | 41-568 |
| Arista Records LLC | Pink | There You Go | Can't Take Me Home | 279-958 |
| Atlantic Recording Corporation | Trick Daddy | I'm A Thug | Thugs Are Us | 303-748 |
| UMG Recordings, Inc. | Dru Hill | Beauty | Enter the Dru | 290-402 |
| UMG Recordings, Inc. | Ludacris | Growing Pains | Word of Mouf | 304-605 |
| Arista Records LLC | Avril Lavigne | Complicated | Let Go | 312-786 |

# EXHIBIT A

## Autumn Lucien

| Copyright Owner | Artist | Recording Title | Album Title | SR# |
|---|---|---|---|---|
| SONY BMG MUSIC ENTERTAINMENT | Marvin Gaye | Sexual Healing | Midnight Love | 41-568 |
| Arista Records LLC | Pink | There You Go | Can't Take Me Home | 279-958 |
| Atlantic Recording Corporation | Trick Daddy | I'm A Thug | Thugs Are Us | 303-748 |
| UMG Recordings, Inc. | Dru Hill | Beauty | Enter the Dru | 290-402 |
| UMG Recordings, Inc. | Ludacris | Growing Pains | Word of Mouf | 304-605 |
| Arista Records LLC | Avril Lavigne | Complicated | Let Go | 312-786 |